**BAO–QUINE LIAN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3160–ag.**

United States Court of Appeals, Second Circuit.

March 7, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Wendy Tso, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michael P. Lindemann, Assistant Director; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Bao–Quine Lian, a native and citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA affirming the May 4, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Lian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao–Quine Lian,* No. A72 996 592 (B.I.A. June 29, 2007), *aff'g* No. A72 996 592 (Immig. Ct. N.Y. City May 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Nevertheless, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we note that Lian failed to sufficiently challenge some issues, while failing to administratively exhaust others. First, Lian did not chal-

lenge before the BIA the IJ's finding that she had failed to establish past persecution on account of her political opinion with respect to Taiwan. Because Lian's asylum and withholding of removal claims on that issue are based on her claim of past persecution, that unchallenged agency determination is dispositive of those claims, and we consider them to be abandoned. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004) (per curiam).

█ Second, Lian fails to challenge the agency's finding that she did not establish that the Chinese government's policy of sterilization would be implemented against her. Rather, Lian argues that the agency failed to consider that there is a pattern or practice in China of persecuting persons similarly situated to herself, within the meaning of 8 C.F.R. § 208.13(b)(2). However, Lian never attempted to establish before the agency that such a pattern or practice existed in China. Because Lian makes this argument for the first time before this Court, we find that she has failed to administratively exhaust the issue, and decline to consider her argument. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007) (per curiam); *cf. Mufied v. Mukasey,* 508 F.3d 88, 91–93 (2d Cir.2007).

█ Third, because Lian did not challenge the agency's denial of CAT relief in her brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

█ What is left is Lian's claim that she was persecuted in China for non-compliance with the family planning laws. We find the IJ's adverse credibility determination is supported by substantial evidence. The IJ noted that Lian "had approximately four years to amend her application or to add to her application the fact that she

had these problems in China," but that she had omitted this claim from every filing or hearing before the agency from the time she initiated her case in 1996 until her second merits hearing in 2005. We have held that much less significant omissions may provide substantial evidence supporting an adverse credibility determination. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) (per curiam). While Lian explained to the IJ that she had not made this claim earlier because her prior counsel had advised against it, an IJ is only required to credit an explanation that would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Because the IJ did not err in refusing to credit Lian's explanation, the IJ's adverse credibility determination is supported by substantial evidence and her denial of Lian's application for asylum was proper. *Id.*; *Cheng Tong Wang,* 449 F.3d at 453. Further, because Lian based her claim for withholding of removal on the same evidence that the IJ properly found to lack credibility, her withholding of removal claim necessarily fails. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.